## Smith *versus* Commonwealth.

1. The pendency of an indictment is not ground for a plea in abatement to a second indictment charging substantially the same offence.

2. A defendant was indicted for perjury, tried and convicted, and the court granted a new trial on technical grounds. Thereupon a new indictment was found, charging the same substantive offence. The defendant pleaded, specially, the pendency of the first indictment, and, under protest, not guilty. The district attorney moved to quash the first indictment, or enter a nolle prosequi, to which the defendant interposed objection, and the trial proceed on the second indictment; the jury found a verdict of guilty, and the defendant was sentenced: *Held,* that there was no error in the record.

October 18th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Quarter Sessions of *Butler county:* Of October and November Term 1883, No. 173.

Indictment of John Smith, for perjury, No. 31, December Sessions 1882. The defendant filed the following plea:

And now, to wit, April 16th 1883, the defendant pleads that there is another bill of indictment pending in the same court at Quarter Sessions, No. 28, of June Term 1882, charging the same act and offence, to which said bill he has already pleaded, and remains undetermined, the defendant having offered to go to trial thereon, which was denied; and for his further plea in this behalf, under protest, pleads not guilty to this indictment.

The first indictment, to No. 28 June Term, 1882, charged the defendant with perjury, committed in an oath taken before N. M. Greer, prothonotary; the proof showed that the oath was administered in open court by John Brown, clerk of the prothonotary. The defendant having been convicted on that indictment, the court, on motion, granted a new trial, on the ground that the allegata and probata did not agree.

Thereupon, the present indictment was found, charging perjury in the oath so administered in open court, the court having full authority, &c.

When the case was called for trial, the district attorney moved to quash the former indictment, or to enter a nolle prosequi thereon. To this the defendant objected, and the trial proceeded. At the close of the Commonwealth's case, the defendant offered in evidence the former indictment, which the court rejected. Exception.

Verdict, guilty. Motions in arrest of judgment and for a new trial were overruled, and the defendant was sentenced. He thereupon took this writ of error, assigning for error, inter alia, the action of the court in compelling the defendant to

[Smith *v.* Commonwealth.]

plead and go to trial upon the second indictment, a prior indict-
ment for the same substantive offence being pending and unde-
termined.

*J. Q. Sullivan* and *L. Z. Mitchell*, for the plaintiff in
error.

*Charles McCandless* (with him *W. A. Forquer* and *A. M.
Cunningham*, district attorney), for the Commonwealth.

Mr. Justice STERRETT delivered the opinion of the court,
November 5th 1883.

The only specifications of error, that are worthy of even a
passing notice, are grounded on the pendency of the first
indictment, No. 28 of June sessions 1882, found several
months before the one on which plaintiff in error was tried,
convicted and sentenced. The motions to quash the indictment
and in arrest of judgment, as well as the so called special plea
and the rulings of the court in reference thereto, etc., are all
based on the existence of the prior, pending and undetermined
indictment. The several specifications relating to these sub-
jects, respectively, have no other foundation on which to rest,
and if that is insufficient they cannot be sustained.

The plaintiff in error was tried on the first indictment and
convicted, but the court set aside the verdict and granted a new
trial, because the offence was defectively charged, and the
allegata and probata did not agree. Instead of attempting to
remedy the defect by amendment, a new information was made
and another bill duly found and returned by the grand jury.
Substantially the same matters are charged in both indictments,
as constituting the crime of perjury, but there are such essen-
tial points of difference between them, in the manner of charg-
ing the offence, that if defendant had been tried a second time
on the first indictment, with the same evidence as that given on
the former trial, in all probability he would have been acquitted.
It is not at all surprising, therefore, that he should demand a
trial on the first rather than the second indictment. A trial
and acquittal on the former would have afforded him at least a
plausible pretext for pleading autrefois acquit to the second
indictment. The district attorney claimed the right, and, with
consent of court, elected to try on the second indictment, and
at the same time offered to enter a nolle prosequi on the first,
or to agree that it be quashed, but defendant objected, and in
consequence thereof nothing was done. Under these circum-
stances, it is difficult to see any valid objection to the action of
the court in sustaining the district attorney and ordering the
trial to proceed on the second indictment. The pendency of
the first indictment was no obstacle, much less a bar to a trial

[Smith v. Commonwealth.]

on the second. How could it be otherwise? After the verdict was set aside and a new trial granted, the case stood as it did before trial, at issue on the plea of not guilty. The pendency of that issue could not be plead, either as a former conviction or acquittal. Indeed, it is impossible to see how it could stand in the way of a trial on the second indictment. If both indictments were confessedly for the same offence, an acquittal or conviction on either would shield the defendant from conviction on the other. If they were for different offences, he could have no valid objection to being tried on both. It is well settled, on both reason and authority, that the pendency of an indictment is not good ground · for a plea in abatement to another indictment in the same court for the same cause. Whenever either of them,—and it matters not which, —is tried and judgment pronounced thereon, such judgment will afford a good plea in bar to the other, either of autrefois convict, or autrefois acquit; but nothing short of a conviction or acquittal will support such a plea: Commonwealth v. Drew, 3 Cushing 279; Regina v. Goddard, 2 Ld. Raymond 920; Whart. Crim. Pleading and Practice, § 431; 2 Hawkins P. C. 309; Foster's C. L. 105; 1 Chitty C. L. 446. If it had not been for the objection interposed by the defendant, the first indictment would have been disposed of by entering a nolle prosequi thereon, or otherwise, before the trial on the second commenced. It follows from what has been said that the so-called special plea was a nullity, and the court committed no error in so treating it.

The subject of complaint in the first specification is the refusal of the court to quash the indictment. In support of the motion to quash, thirteen reasons were urged, the chief of which is the pendency of the first indictment. That reason, as has been observed, underlies nearly all the assignments of error. It has already been considered, and it is therefore unnecessary to add anything to what has just been said on the subject. There is nothing in any of the reasons assigned that would have justified the court in quashing the indictment.

For reasons already·suggested the second and third specifications, both of which relate to the pendency of the first indictment, are not sustained.

The fourth specification, that " the court erred in going into the jury box on questions of fact," etc., as the plaintiff in error expresses it, is an unjust reflection on the learned judge before whom the case was tried. His charge was quite as favorable to the defendant on trial, as he had any right to expect. In it the law of the case was clearly presented, and the facts were fairly submitted to the jury, without any apparent effort, on his part, to invade their province.

[Barnett's Appeal.]

The grounds upon which the motion in arrest of judgment was based are clearly insufficient, and hence there was no error in overruling the motion.

The subjects of complaint in the remaining specifications are the rejection and also the admission of the evidence therein referred to. We find no error in any of the rulings of the court on these subjects. There is nothing in the record that calls for a reversal of the judgment.

> The judgment of the court of Quarter Sessions is affirmed, and it is ordered that the record be remitted to said court for the purpose of carrying said judgment into effect.